IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02132-WYD-CBS

LARRY ALLEN THOMPSON,
    Plaintiff,
v.

KEVIN MILYARD, Warden Sterling Corr. Fac.,
LLOYD WAIDE, Major/SCF Security, and
GARY LITTLE, Captain/SCF Housing (LU-1),
    Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on several pending matters. Pursuant to the Order of Reference dated January 22, 2008 (doc. # 17) and the memorandum dated January 23, 2008 (doc. # 18), these matters were referred to the Magistrate Judge. The court has reviewed the pending matters, the entire case file and the applicable law and is sufficiently advised in the premises.

    Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

    Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process

1

rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted). In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Thompson's request for appointed counsel and the appropriate factors. As a *pro se* litigant, Mr. Thompson is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Mr. Thompson has thus far adequately presented his claims unaided by counsel. The court may address Mr. Thompson's concerns about limited access to the law library by providing adequate time in the case schedule. Mr. Thompson's concerns about "conflicting testimony," presenting evidence, and cross-examination of witnesses are premature at this stage of the litigation. Based on an initial review of the Prisoner Complaint (doc. # 3), the court is within its discretion in declining to request counsel to represent Mr. Thompson.

Accordingly, IT IS ORDERED that:

1. Mr. Thompson's Motion for Appointment of Counsel (filed October 31, 2007) (doc. # 4) is DENIED.

2. Defendants' Motion for Extension of Time (filed January 18, 2008) (doc. # 13) is GRANTED.

3. Defendants' Motion for Leave to File Motion to Dismiss Out of Time (filed January 22, 2008) (doc. # 16) is GRANTED and Defendants' Motion to Dismiss (doc. # 15)

is accepted for filing on January 22, 2008.

4. Any response Mr. Thompson has to Defendants' Motion to Dismiss (doc. # 15) **shall be filed on or before February 22, 2008**.

5. Any reply Defendants have to a response filed by Mr. Thompson shall be filed pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado.

DATED at Denver, Colorado, this 23rd day of January, 2008.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge