IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02132-WYD-CBS

LARRY ALLEN THOMPSON,

    Plaintiff,

v.

KEVIN MILYARD, Warden Sterling Correctional Facility;
MAJOR LLOYD WAIDE, ID# 3186, SCF Security; and
CAPTAIN GARY LITTLE, ID# 7538, SCF Housing (LU-1),

    Defendants.

**ORDER AFFIRMING IN PART AND REJECTING IN PART
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

THIS MATTER is before the Court on the Motion to Dismiss filed by Defendants Milyard, Waide, and Little on January 22, 2008. Pursuant to the Order of Reference dated January 22, 2008 and the memorandum dated January 23, 2008, this motion was referred to Magistrate Judge Shaffer.

On July 14, 2008, Magistrate Judge Shaffer issued a Recommendation on the Motion to Dismiss. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b), FED. R. CIV. P. 72, D.C.COLO.LR. 72.4. Magistrate Judge Shaffer recommends therein that Defendants' Motion to Dismiss be granted as to Claims Two and Three (alleging violations of the Eighth Amendment protection against cruel and unusual punishment and the Fourteenth Amendment rights to privacy and equal protection) and denied as to Claim One (alleging a violation of the Fourth Amendment

right to privacy in connection with a strip search).  On July 25, 2008, Plaintiff filed timely objections to the Recommendation.  Since objections were filed, I will review *de novo* the specific portions of the Recommendation to which Plaintiff objects.  FED. R. CIV. P. 72(b).

Magistrate Judge Shaffer first recommends that the motion to dismiss be denied as to Claim One asserting a Fourth Amendment violation in connection with a public strip search.  He found that Plaintiff raised issues of fact as to whether the August 1, 2006 search had a rational relationship to legitimate penological interests.  *See* Recommendation at 7.  No objections were filed to that part of the Recommendation, which I affirm and adopt.  I find Magistrate Judge Shaffer's Recommendation on this claim is well reasoned and sound, and agree that the motion to dismiss is properly denied as to Claim One.

As to Claims Two and Three, Magistrate Judge Shaffer recommended that the motion to dismiss be granted as to those claims on the following bases.  First, as to Claim Two, Magistrate Judge Shaffer found that Plaintiff's allegations do not implicate the Eighth Amendment's protections against cruel and unusual punishment.  *See* Recommendation at 8.  That is because Plaintiff did not allege physical abuse associated with the strip search or demonstrate that the strip search was imposed as punishment or that it was conducted without any penological justification.  *Id*.

As to Claim Three asserting violations of the Fourteenth Amendment, Magistrate Judge Shaffer found that as Plaintiff's due process claim is co-extensive with his Fourth Amendment claim it is unnecessary to apply a substantive due process analysis.  *Id*. at

9.  Further, he found that Plaintiff had not alleged that the challenged conduct rose to a level that shocks the conscience as required to state a substantive due process claim. *Id.* at 9-10.  Finally, as to the equal component portion of the Fourteenth Amendment claim, Magistrate Judge Shaffer found that the claim fails because Plaintiff's allegations can be analyzed under textual rights provided by the Fourth Amendment and because Plaintiff did not allege disparate treatment directed toward him by Defendants.  *Id.* at 10.

I first address Plaintiff's objections to the findings as to Claim Two.  Plaintiff asserts that while he has not alleged physical abuse during or because of the strip search, "the Court cannot assume nor infer that based on the humiliating and public manner in which the search was conducted that it held no 'punitive value'; nor can the Court conclude that there was a legitimate 'penological justification' for the Defendants to order, sanction, or allow the search to become the spectacle that it was."  Pl.'s Objections at 2.  Further, it is argued that by forcing inmates to strip completely naked in front of hundreds of other inmates, some of whom are sexual predators, "it cannot be assumed by the court that the defendant's actions were not intended to humiliate, and/or inflict psychological pain."  *Id.* at 4.  Plaintiff concludes that unless it can be determined that there exists a penological justification for the strip search to have been witnessed by persons other than CDOC employees, the Court must view the strip search "as serving no 'legitimate penological interests' other than to humiliate, intimidate, and inflict psychological pain to the inmates being searched".  *Id.*

I sustain the objection as to Claim Two and reject the Recommendation as to same.  I first note that "it is well established that the Eighth Amendment reaches beyond

"barbarous physical punishment" to prohibit "'the unnecessary and wanton infliction of pain.'" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153 (1976)). The Constitution prohibits punishment that is "so totally without penological justification that it results in the gratuitous infliction of suffering." *Gregg*, 428 U.S. at 183. The gratuitous infliction of pain always violates contemporary standards of decency and need not produce serious injury in order to violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Further, physical injury need not result for the punishment to state a cause of action, for the wanton infliction of psychological pain is also prohibited. *Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001) (we are in accord with Justice Blackmun's views in *Hudson v. McMillian*, 503 U.S. 1, 16-17 (1992) that the Eighth Amendment may be implicated not only to physical injury, but also by the infliction of psychological harm"); *see also Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (citing cases).

In this case, I agree with Magistrate Judge Shaffer that Plaintiff did not allege physical abuse or that the strip search was conducted with unnecessary force. Plaintiff also did not allege that the strip search was motivated by a punitive intent. However, I find that the allegations in the Complaint, construed in the light most favorable to Plaintiff, could support a claim that the strip search was conducted in an abusive fashion. *See Levoy v. Mills*, 788 F.2d 1437, 1439 (10th Cir. 1986) (dismissing an Eighth Amendment claim for a body cavity search when the plaintiff did not allege that the search "was conducted in an abusive fashion"); *see also Jackson v. Central New Mexico Correctional Facility*, No. 91-2234, 1992 WL 236921, at *4 (10th Cir. 1992).

To that end, Plaintiff alleged that the search was conducted in a public manner wherein he was strip searched in front of "approximately 250 inmates who were compelled/forced to sit 'sight forward', looking directly towards the inmates being strip searched!" Compl., Nature of the Case, ¶ 4. He asserts that he and all the other prisoners were forced to strip completely naked, lift their genitals, turn around, bend over and spread their buttocks in view of hundreds of convicted inmates (some of whom Plaintiff alleges were child molesters and rapists), the SCF Security Staff members, and video surveillance devices. *Id.*, ¶¶ 3-5; *see also* Objections at 4. While Plaintiff does not allege that the officers attempted to inflict pain or humiliation on the inmates during the search, I find that it is plausible at this stage of the litigation that the search was conducted in an abusive manner. I further note that other courts have held that a strip search violates the Eighth Amendment where the search was "conducted in a harassing manner intended to humiliate and inflict psychological pain." *Fillmore v. Page*, 358 F.3d 496, 505 (7th Cir. 2004); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003).

In this case, while Defendants may have had a legitimate penological purpose for the search itself, I find that no legitimate purpose has been stated for the manner of the search whereby Plaintiff was allegedly searched in front of all the other inmates in the room who were allowed to face forward watching the stripe search of the other inmates. Accordingly, viewing the evidence in the light most favorable to Plaintiff, I find that the manner of the search could be viewed as having been conducted in a harassing manner intended to humiliate and inflict psychological pain. *See Payette v. Hoenisch*, No. 07-3249, 2008 WL 2648917, at *5 (7th Cir. 2008) (Payette's evidence "that he was

strip searched in front of a window in which everyone in the booking department, including inmates and officials of both sexes, could see him . . . create a triable dispute whether the search was conducted 'in a harassing manner intended to humiliate and inflict psychological pain'") (quoting *Calhoun*, 319 F.3d at 939); *Solan v. Ranck*, No. CV-06-0049, 2007 WL 4111424, at *8 (M.D. Pa. 2007) (Eighth Amendment claim stated where plaintiff alleged that correctional officers deliberately prevented him from placing his towel around his waist then dragged him naked in front of a large group of people of both sexes; this allegation supports the inference that they intended to humiliate him, an action without any penological justification, due to the fact that defendants deliberately put the plaintiff on display naked); *see also Vasquez v. Raemisch*; 480 F. Supp. 2d 1120, 1131-32 (W.D. Wis. 2007) (Eighth Amendment claim stated as to strip search where the plaintiff alleged his constitutional rights were violated by the manner of the search whereby several officers made contact with his genitals; the court held that "[e]ven if legitimate security reasons existed for proceeding directly to a manual search, there could be no legitimate purpose for using a strip search as a means of obtaining sexual gratification or conducting it in a manner intended to humiliate the prisoner, which is what petitioner alleges respondents . . . were doing").

Based on the foregoing, I find that the Eighth Amendment claim should not be dismissed at this stage of the litigation. Plaintiff's objections as to this claim are sustained, and the Recommendation on this issue is rejected.

Plaintiff also objects to the recommendation to dismiss the third claim under the Fourteenth Amendment, asserting that he has shown a violation of substantive due

process. I affirm the recommendation to dismiss this claim and overrule the objections on this issue. Magistrate Judge Shaffer is correct that a substantive due process analysis is disfavored if the claim can be analyzed under "'an explicit textual source of constitutional protection.'" *See* Recommendation at 9 (quoting *Seegmiller v. LeVerkin City*, 528 F.3d 762, 766 (10th Cir. 2008)). Here, because Plaintiff's claims can be properly analyzed under the Fourth and Eighth Amendments, it is unnecessary to apply a substantive due process analysis to Plaintiff's claims. I also agree with Magistrate Judge Shaffer that the equal protection claim is properly dismissed as Plaintiff has not alleged any disparate treatment directed toward him by Defendants.

Finally, Plaintiff's objections renew his request for appointment of counsel. This request is not properly made in the Objections but must be made through a separate motion.

Based upon the foregoing, it is

ORDERED that the Recommendation on Defendants' Motions to Dismiss (filed April 28, 2008) is **AFFIRMED IN PART AND REJECTED IN PART**. Specifically, it is affirmed as to Claims One and Three and rejected as to Claim Two. It is

FURTHER ORDERED that Plaintiff's Objections(s) to Recommendation of United States Magistrate Judge (filed July 23, 2008) are **SUSTAINED** as to Claim Two and **OVERRULED** as to Claims One and Three. The Renewed Motion for the Appointment of Counsel is **DENIED WITHOUT PREJUDICE** as procedurally improper. It is

FURTHER ORDERED that the Motion to Dismiss filed by Defendants Milyard, Waide, and Little on January 22, 2008, is **GRANTED IN PART AND DENIED IN PART**.

Specifically, it is **DENIED** as to Claims One and Two and **GRANTED** as to Claim Three.

Dated: September 2, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge